THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TEISHA DAVIS, ) <br> ) <br> Debtor. ) <br>_____) <br> ) <br> TEISHA DAVIS ) <br> ) <br> Plaintiff-Appellant, ) <br> ) <br> v. ) <br> ) <br> THE PAYDAY LOAN STORE OF ILLINOIS, ) <br> INC. ) <br> ) <br> Defendant-Appellee. ) <br> ) | No. 14 C 154 <br> Appeal from Bankruptcy <br><br> Bankruptcy No. 13 B 20959 <br><br> Adversary Proceeding No. 13 B 1108 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Pending before the court is debtor/plaintiff/appellant Teisha Davis' ("Ms. Davis") appeal under 28 U.S.C. § 158(a)(1) of the Bankruptcy Court's November 26, 2013 order in case number 13 B 1108. Bankruptcy Court Judge Timothy A. Barnes orally dismissed Ms. Davis' adversary complaint against defendant/appellee Payday Loan Store of Illinois, Inc. ("PLS"). Judge Barnes held that Ms. Davis failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Bankruptcy Court's November 26, 2013 order is affirmed. (Dkt. No. 1, Ex. 3, Record of Appeal, at 63-65, "ROA.")

BACKGROUND

Six weeks before filing for bankruptcy, Ms. Davis obtained a loan from PLS. (Dkt. No. 3, "Davis Br.", at 2.) She agreed to repay her loan in 24 bi-weekly installments and received a disclosure statement as required under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

1

("TILA"). (Dkt. No. 4, "PLS Br.", at 1.) One day before Ms. Davis obtained a discharge in bankruptcy, she filed an adversary complaint against PLS. (Davis Br. at 2) Ms. Davis alleged that she was entitled to damages, because PLS violated TILA by failing to disclose the number of payments her loan required. (*Id*.)

The TILA disclosure statement, provided to Ms. Davis, first listed various loan terms not at issue here, such as the annual interest percentage rate and the amount financed. (ROA at 9.) Below these terms, the disclosure form then stated "Your payment schedule will be", and then a payment list was set forth, which identified every payment the loan required, its due date, and the amount due. (*Id*.) Nowhere, in the disclosure statement, did PLS explicitly state the actual, raw number of payments Ms. Davis was required to make. (*Id*.) To put it another way, nowhere did PLS say "You will be required to make 24 payments." (*Id*.) However, because the disclosure form listed every required payment, Ms. Davis could infer this figure through simple arithmetic. (*Id*.) She could count the payments listed from April 12, 2013 to February 28, 2014 to understand that the loan required 24 payments. (*Id*.)

The sole issue of law presented by this appeal is whether PLS's disclosure violated the portion of TILA and its accompanying regulation set out at 15 U.S.C.§ 1638(a)(6) and 12 C.F.R § 1026.18(g). The former statutory language requires:

> "For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable… *The number*, amount, and due dates or period of payments scheduled to repay the total of payments."

15 U.S.C. § 1638(a)(6) (emphasis added).

The latter regulation rephrases this requirement as follows:

> "For each transaction, the creditor shall disclose the following information as applicable . . . (g) *Payment schedule*. Other than for a transaction that is subject to

2

> paragraph (s) [an inapplicable mortgage provision], *the number*, amounts, and timing of payments scheduled to repay the obligation."

12 C.F.R § 1026.18(g) (second emphasis added).

Ms. Davis argues that "the number, amount and due dates or period of payments" language expresses "three distinct" disclosure requirements. (Davis Br. at 3.) According to Ms. Davis, PLS's "disclosure stated the amount and due dates of the payments, but not the number of payments." (*Id*.) Under Ms. Davis' interpretation of § 1638(a)(6), "[l]isting the amounts and due dates of payments is not the same thing as stating the number of payments." (Davis Br. at 3.) Because the Seventh Circuit requires strict compliance with TILA and its regulations, Ms. Davis argues PLS's disclosure violated the statute. (*Id*. (citing *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 529 (7th Cir. 2007).)

PLS argues that it did satisfy the number of payments required disclosure, by listing every payment Ms. Davis was required to make. (PLS Br. at 2.) Judge Barnes agreed with PLS and stated orally in his ruling granting PLS's Motion to Dismiss, "[h]aving disclosed the actual payments, when they're due, and the amount due, [PLS] has complied with the terms of the Truth in Lending Act." (*Id*. (citing ROA at 65).)

## LEGAL STANDARD

A district court, when reviewing a Bankruptcy Court's ruling on appeal, examines the Bankruptcy Court's findings of fact for clear error and legal conclusions de novo. *Tidwell v. Smith*, 582 F.3d 767, 777 (7th Cir. 2009).

## ANALYSIS

*1. Relevant TILA Background*

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the

3

uninformed use of credit." 15 U.S.C. § 1601(a). To carry out the purposes of the Act, first the Federal Reserve Board ("FRB"), and now the Consumer Financial Protection Bureau ("CFPB"), are authorized to adopt regulations that may contain additional requirements or clarifications that "are necessary or proper to effectuate the purposes of [TILA], to prevent circumvention or evasion thereof, or to facilitate compliance therewith." *Id*. § 1604(a).[1] The regulation that implements TILA is commonly referred to as "Regulation Z". It was codified at 12 C.F.R. 226 until 2011, when it was re-codified at 12 C.F.R. 1026, effective January 10, 2014.

Regulation Z includes official staff commentary. 12 C.F.R. 1026, Supp. I, Pts. 1-5. The Seventh Circuit has stated that courts should "pay particular heed" to official "Staff Commentary to TILA's regulations when evaluating an alleged TILA violation." *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528 (7th Cir. 2007); *see also id.* (noting the Seventh Circuit "has deferred to the views of the FRB, as expressed in the Commentary, when we are called upon to interpret TILA.").

Regulation Z also includes explanatory appendices some of which contain model forms. 12 C.F.R. 226, Apps. A-Q. A creditor complies with TILA's disclosure provisions, "other than numerical disclosures", if the creditor uses "any appropriate model form or clause as published by the [FRB or CFPB]." 15 U.S.C. § 1604(b).

2. *Staff Commentary on Regulation Z and PLS's Disclosure*

Again, under both TILA and Regulation Z, PLS was required disclose the number, amount, and timing of payments Ms. Davis was required to make. 15 U.S.C. § 1638(a)(6); 12 C.F.R. 1026.18(g). However, the text of the statute and the regulation are silent on what form

---

[1] The Dodd-Frank Wall Street Reform and Consumer Protection Act of 2011, 12 U.S.C. § 5301 *et. seq.* transferred rulemaking authority for a number of consumer financial protection laws from various Federal agencies, like FRB, to the CFPB as of July 21, 2011.

4

the number disclosure requirement must take. As discussed above, Regulation Z includes Staff Commentary that courts should defer to where possible, *see Hamm*, 506 F.3d at 528, and the Staff Commentary for Regulation Z explains how a creditor may satisfy this disclosure.

12 C.F.R. § 1026, Supp. I ¶ 18(g)(4)(i) provides two methods for satisfying the number, amount, and timing requirements. According to Staff, a creditor may "list all of the payments due dates." *Id*. To satisfy this method, a creditor must list each payment, when it was due, and how much each payment is for. *Id*. Alternatively, a creditor has "the option of specifying the period of payments scheduled to repay the obligation." *Id*. For this method, a creditor "must disclose the payment intervals or frequency, such as 'monthly' or 'bi-weekly'", "the calendar date the beginning payment is due", and provide "the number of payments". *Id*. Because PLS chose the former method, Ms. Davis' claim was properly dismissed. (ROA at 9, 63-65.)

Ms. Davis contends that under the method PLS chose a borrower must "tally[] up each payment" to get the number of payments and therefore "there is missing information." (Davis Br. at 11.) According to Ms. Davis, not disclosing the total number of payments as a single numerical figure "violates the clear language of TILA and its governing Regulation." (*See id*. at 6-7.)

However, some degree of tallying is required under each above disclosure method, as well as another permitted by Staff Commentary. Under PLS's disclosure method, the debtor tallies the number of payments by counting all those listed, but Ms. Davis' preferred method requires the borrower to tally his or her payment due dates. 12 C.F.R. § 1026, Supp. I ¶ 18(g)(4)(i). That is because the creditor only discloses the "payment intervals or frequency" and "the calendar date the beginning payment is due". *Id*. Ms. Davis additionally concedes that Regulation Z's Staff Commentary also expressly provides that, where the amount of money due

5

for each payment varies, "the creditor need not state . . . [the] total of . . .payments", and must only disclose the number of payments at each payment level. (Davis Br. at 8 (quoting 12 C.F.R. § Supp. I ¶ 18(g)(3)).) This disclosure method, consequently, requires the borrower to tally up the total number of payments as the sum of the number of payments at each payment level. *Id*.

The Regulation Z model forms to which Ms. Davis cites in the appendix of her brief further illustrate why Ms. Davis' flat prohibition on tallying cannot possibly be correct. One model form requires the borrower to add 6 different payment levels totaling 360 payments. (Davis Br., Appx., at 5.) Other sample forms Ms. Davis cites to, while not requiring this level of extensive calculation, still require some degree of tallying. (*Id*. at 3-4.) As Ms. Davis put it in the proceedings below, "[i]n some of these sample forms[,] extremely basic arithmetic must be used to figure out the total number of all payments. This is expressly allowed by the Official Commentary." (ROA at 29 (citing 12 C.F.R. § Supp. I ¶ 18(g)(3)).)

  3. *Ms. Davis' Reliance on Hamm and other Inapposite Authority*

Much of Ms. Davis' briefing focuses on the Seventh Circuit opinion, *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 529 (7th Cir. 2007). Ms. Davis initially argues that *Hamm* requires strict compliance with TILA statute and its regulations, with hyper-technicality reigning, and that PLS was consequently required to strictly comply with the three independent disclosure requirements of number, amount, and timing. (Davis Br. at 3-5.)

This argument misses the mark in important respects. First, PLS concedes that it was required to strictly comply with TILA and its regulations. (PLS Br. at 3.) Neither the Bankruptcy Court nor this court has found otherwise. (*See supra* at 4-6; ROA at 63-65.) Instead, both courts have found that PLS's disclosure did in fact strictly comply with TILA's disclosure requirements. (*Id*.)

6

Second, Ms. Davis is not seeking technical compliance with TILA and simply asking that the number of payments be disclosed to her. Again, the list of payments PLS provided to Ms. Davis did just that, because she could easily count the 24 payments to obtain the tally. (ROA at 9.) Instead, what Ms. Davis seeks is to have this court read into TILA a new requirement that 15 U.S.C. § 1638(a)(6) and 12 C.F.R § 1026.18(g) mandate the number of payments must be disclosed in a single tallied fashion. As this court has stated, "courts should not create common law concepts of inclusion or place further obligations on creditors or consumers where Congress has not." *Thomas v. Discover Fin. Servs.*, 382 B.R. 449, 454 (N.D. Ill. 2007).

The court also finds unpersuasive Ms. Davis' attempt to analogize the *Hamm* creditor's noncompliance with required TILA disclosures to the disclosure PLS provided here. (Davis Br. 4, 9-10.) In *Hamm*, the creditor had provided the number and amount of each payment, but no clear indication of when payments were due in the disclosure *Hamm*, 506 F.3d at 531. Because plaintiffs were not provided a due date, they were required to assume that their payments were due on a monthly basis. *Id*. at 530. Here, the face of the disclosure is missing no such information, because the number of required payments is plainly expressed by the list of payments. (ROA at 9.)

This court is also unpersuaded by the subsequent district court opinions Ms. Davis cites applying *Hamm*. (Davis Br. at 10.) As PLS correctly notes, in every case Ms. Davis cites, the disclosure suffered from the same defect as *Hamm*, namely a failure to specify the payment interval at all. (PLS Br. at 11.)

Finally, the court does not believe that requiring the disclosure requirement Ms. Davis seeks to impose would have any effect, positively or negatively, on debtor informational overload. Listing payments is already expressly allowed under Regulation Z's official

7

commentary. 12 C.F.R § 1026, Supp. I ¶ 18(g)(4)(i). If the loan required many more payments than the 24 at issue here, Ms. Davis argues that informational overload could occur due to PLS's manner of disclosure. However, such a case is not currently before this court, and therefore we will not create a new disclosure obligation for creditors to potentially account for such facts.

## CONCLUSION

Ms. Davis has not persuaded the court that PLS failed to meet its disclosure obligations under TILA or Regulation Z. PLS listing the 24 payments satisfied its obligation to disclose the number of payments Ms. Davis bound herself to make.

The oral order of the Bankruptcy Court of November 26, 2013 is affirmed. (ROA at 63-65.) Ms. Davis adverse complaint against PLS is dismissed with prejudice, and judgment is entered in favor of defendant PLS. Civil case terminated.

ENTER:

_James F. Holderman_
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: April 3, 2014